Filed 11/10/25  P. v. Kenyon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C102604 |
| Plaintiff and Respondent, | (Super. Ct. No. 24F6178) |
| v. | |
| JASON MICHAEL KENYON, | |
| Defendant and Appellant. | |

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the Eighth Amendment, and equal protection principles, defendant Jason Michael Kenyon appeals the imposition of a $300 fine imposed under Penal Code[1] section 1202.4 without an ability to pay hearing.  Recognizing his trial counsel did not object to the fines and fees, Kenyon alternatively claims counsel was ineffective.  We affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

BACKGROUND

The complaint in this case charged Kenyon with burglary (§ 459) and vandalism (§ 594, subd. (b)(1)) with a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12).  In November 2024, Kenyon pled no contest to vandalism of more than $400 and admitted the strike allegation.  (§§ 594, subd. (b)(1), 1170.12.)  In accordance with his plea agreement, the trial court sentenced him to one year four months in state prison, doubled to two years eight months for the strike prior, imposed a $300 restitution fine (§ 1202.4), imposed and suspended an equal parole revocation fine (§ 1202.45), and retained jurisdiction over restitution for the victims.  Defense counsel did not object nor request an ability to pay hearing.

Kenyon timely appealed and the trial court denied his request for a certificate of probable cause.  Pursuant to section 1237.2, Kenyon moved the trial court to stay the fines and fees pending an ability to pay hearing.  The trial court denied the request.

DISCUSSION

Without objection, the trial court imposed a restitution fine of $300 (§ 1202.4) and a stayed $300 parole revocation restitution fine (§ 1202.45).  Citing *Dueñas, supra*, 30 Cal.App.5th 1157, Kenyon now contends imposing these fines without finding he had the ability to pay them violated the Eighth Amendment prohibition against excessive fines and deprived him of equal protection.

In *Dueñas*, the court reversed an order imposing the court operations and the criminal conviction assessments (§ 1465.8; Gov. Code, § 70373) after concluding that it was "fundamentally unfair" and violated due process under the federal and California Constitutions to impose the assessments without determining a defendant's ability to pay. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168.)  *Dueñas* also concluded that the execution of a restitution fine under section 1202.4 "must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, at p. 1164.)

2

Courts are split on whether *Dueñas* was correctly decided, and the Supreme Court is set to resolve the issue after granting review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844. As the question is now pending before the Supreme Court, we express no opinion on *Dueñas* here. Kenyon was sentenced more than five years after *Dueñas* was decided in 2019. (See *Dueñas*, *supra*, 30 Cal.App.5th 1157.) Kenyon's failure to raise *Dueñas* at sentencing forfeited his arguments by operation of normal rules of appellate review. (*People v. Scott* (1994) 9 Cal.4th 331, 351-354.) Anticipating we might conclude he forfeited his claims, Kenyon asserts trial counsel was ineffective for failing to raise these claims in the trial court. We disagree.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) To show prejudice, Kenyon must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland*, at pp. 693-694; *Ledesma*, at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694; accord, *Ledesma*, at p. 218.) Here, Kenyon cannot show his counsel was ineffective because he cannot show prejudice.

In this case, the trial court had the opportunity to consider Kenyon's ability to pay claims under his section 1237.2 motion. The court denied the motion. As a result of the trial court's consideration and denial of this motion, Kenyon cannot demonstrate he was prejudiced by counsel's failure to object at the sentencing hearing.

Even if we were to conclude Kenyon sufficiently preserved the Eighth Amendment issue for review, we nonetheless would reject his challenge on the merits. (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17; *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 731.) The touchstone of the constitutional inquiry

3

under the excessive fines clause is the principle of proportionality: "The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." (*United States v. Bajakajian* (1998) 524 U.S. 321, 334.) "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." (*Ibid.*) Here, we conclude that the minimum $300 restitution fine imposed is not grossly disproportionate to Kenyon's felony offense of vandalism of over $400 and his admission of the strike allegation.

Finally, while Kenyon contends the $300 restitution fine here violated his right to equal protection, there is " 'no general due process and equal protection authority which requires a court to conduct a preassessment present ability-to-pay hearing before imposing any fine or fee on a defendant . . . .' " (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069, italics omitted.) Thus, his equal protection claim fails as well.

DISPOSITION

The judgment is affirmed.

/s/
————————————————
BOULWARE EURIE, J.

We concur:


/s/
————————————————
DUARTE, Acting P. J.


/s/
————————————————
MESIWALA, J.

4